IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TRACIE LEE KOELLIKER, )
)
       Plaintiff, )
)
       v. ) Civil Action No. 18-105
)
COMMISSIONER OF SOCIAL SECURITY, )
)
       Defendant. )

O R D E R

AND NOW, this 29th day of March, 2019, upon consideration of the parties' cross-motions for summary judgment, the Court upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in failing to give sufficient weight to the opinions of the consultative examiner and the state agency medical consultant in formulating her residual functional capacity ("RFC"). She further asserts that the ALJ erred in finding that she could return to her past relevant work at Step Four of the sequential process. The Court finds no merit in either of Plaintiff's positions and finds that substantial evidence supports the ALJ's decision.

As to Plaintiff's argument regarding the weight given to the state agency medical consultant, the Court notes, as did Defendant is her brief, that Janet Bell, who determined Plaintiff's physical RFC at the initial level, is actually a Single Decision Maker ("SDM"), as defined by the SSA, and not a medical source. The opinions of SDMs are generally not afforded any evidentiary weight. See Stewart v. Astrue, Civ. No. 11-338, 2012 WL 5494662, at *5 (E.D. Pa. Nov. 13, 2012); Caine v. Colvin, No. 02:12-cv-791, 2013 WL 967779, at *7 (W.D. Pa. Mar. 12, 2013). It would have been inappropriate, therefore, for the ALJ to treat Ms. Bell's findings as medical opinion evidence. The Court further notes that, regardless, aside from a few postural limitations, Ms. Bell's findings are substantially similar to the ALJ's RFC findings.

Plaintiff also argues that the ALJ failed to give appropriate weight to the consultative examiner, Frank Zimba, M.D., in determining the appropriate RFC. The ALJ did, of course, consider and discuss Dr. Zimba's opinion, giving it some weight. The ALJ actually found greater restrictions on Plaintiff's ability to lift and carry (Dr. Zimba's opinion was closer to a limitation to medium work), but found fewer nonexertional limitations than did Dr. Zimba. (R. 27, 454). The ALJ found Plaintiff to be able to perform a limited range of light work, which generally requires 6 hours of standing and walking in an 8-hour day, see SSR 83-10, 1983 WL 31251 (S.S.A.), at *6 (1983), whereas Dr. Zimba opined that Plaintiff could stand and walk just 4 hours a day. (R. 27, 452). However, the ALJ found that Dr. Zimba's opinion as to Plaintiff's nonexertional limitations was not supported by his own rather benign examination findings or by the medical record as a whole, which the ALJ discussed at significant length. (R. 26-27). The ALJ also explained that Plaintiff's activities of daily living and course of treatment did not support these greater limitations. (Id.). The Court finds the discussion to have been adequate and supported by substantial evidence.

Plaintiff also suggests that since Dr. Zimba's opinion was the only one in the record (setting aside Ms. Bell's), the ALJ was essentially required to adopt Dr. Zimba's RFC findings because to do otherwise would be to rely on his own lay analysis of raw medical data. In support of this proposition, Plaintiff cites Gormont v. Astrue, No. 3:11-cv-02145, 2013 WL 791455 (M.D. Pa. Mar. 4, 2013), and more significantly, the case on which the decision in Gormont is based – Doak v. Heckler, 790 F.2d 26 (3d Cir. 1986). While there certainly is a range of opinions on the matter among the judges in the Third Circuit, this Court has consistently found that the decision in Doak does not provide that an ALJ's RFC findings must be based on a particular medical opinion or that an ALJ may only reject a medical opinion as to functional

2

limitations based on another opinion. Not only is this consistent with a plain reading of Doak, it is also consistent with subsequent Third Circuit case law, which has consistently provided that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011). See also 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c), 416.927(d)(2), 416.946(c); SSR 96-5p, 1996 WL 374183 (S.S.A.) (July 2, 1996). It is also consistent with the Third Circuit's statement that "[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." Titterington v. Barnhart, 174 Fed. Appx. 6, 11 (3d Cir. 2006). See also Chandler, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert). As the Circuit Court explained in Titterington, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." 174 Fed. Appx. at 11. Consistent with this later case law, Doak does not prohibit the ALJ from making an RFC assessment even if no doctor has specifically made the same findings. See Hayes v. Astrue, Civ. No. 07-710, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007). The Third Circuit, in Doak, did nothing more than make a substantial evidence finding in light of the record of the case and did not purport to create a rule that an RFC determination must be based on a specific medical opinion, and subsequent Third Circuit case law confirms this understanding. See also Mays v. Barnhart, 78 Fed. Appx. 808, 813 (3d Cir. 2003); Carter v. Colvin, No. 2:14-1498, 2015 WL 1866208, at *10 n.3 (W.D. Pa. Apr. 23, 2015); Goodson v. Colvin, Civ. No. 13-1719, 2014 WL 5308021, at *3 (Oct. 16, 2014). As the Honorable Terrence McVerry pointed out in Cummings v. Colvin, 129 F. Supp. 3d 209, 214-17 (W.D. Pa. 2015), there is no reason to strain the interpretation of Doak and its progeny so as to create conflict with later case law where none is apparent or intended.

Plaintiff's second argument is that the ALJ erred in finding that she could perform her past relevant work as a retail cashier. She bases this on her contention that the vocational expert ("VE") implicitly identified her past position as a "composite job," *i.e.*, one with "significant elements of two or more occupations and, as such, [that has] no counterpart in the [Dictionary of Occupational Titles ("DOT")]." SSR 82-61, 1982 WL 31387 (S.S.A.), at *2 (1982). This appears to stem from the fact that the position identified by the VE as reflecting Plaintiff's past relevant work, retail cashier as defined at DOT 211.462-010 (R. 81), did not include significant tasks from the position she actually performed, particularly stocking shelves. Plaintiff points out that the position of "store laborer" (DOT 922.687-058) does including stocking shelves as an aspect of the job, and concludes that her past position was actually a composite of the job mentioned by the VE and the store laborer position. She goes on to argue that the ALJ did not follow the proper procedure for considering this composite job at Step Four.

The problem with this argument is that the ALJ did not rely on the VE's testimony as to the nature of Plaintiff's past relevant work. (R. 20, 28). He instead relied on the DOT itself and found that Plaintiff's past position was, in fact, best described as a retail cashier position (as Plaintiff herself has indicated (R. 45, 225)), but as defined at DOT 211.462-014, rather than at 211.462-010 as the VE had suggested. The cashier position as found by the ALJ expressly includes stocking shelves as one of its duties. He therefore did not find the position to be a composite one, but rather considered the description in DOT 211.462-014 in determining how the job is ordinarily required to be performed in the national economy. See SSR 82-61, at *2.

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 11) is DENIED and that Defendant's Motion for Summary Judgment (document No. 13) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf: Counsel of record

---

He ultimately found that it was consistent with Plaintiff's RFC for light work with some postural limitations. (R. 28). The Court finds that substantial evidence supports his findings.

To the extent that Plaintiff raises other arguments, the Court finds them to be without merit. For example, Plaintiff seems to argue that the ALJ erred in not engaging in the analysis required by Acquiescence Ruling ("AR") 01-1(3). However, AR 01-1(3) pertains to the use of the Medical-Vocational Guidelines, *i.e.*, the Grids, at Step Five when a claimant has both exertional and nonexertional limitations. This case was not decided at Step Five, and at no point were the Grids relied upon or even discussed.

Accordingly, for all of the reasons stated herein, the Court finds that substantial evidence supports the ALJ's decision, and it affirms his decision.